HARRY E. WALTER,

*vs.*

PENINSULA CUT STONE COMPANY.

*New Castle, March* 28, 1912.

A director of a corporation is an "officer", within the meaning of the general corporation Act, giving employees of an insolvent corporation priority for wages, but declaring that the word "employee" shall not include any officer, and he is not entitled to priority as an employee for wages as a foreman.

EXCEPTIONS TO A CLAIM OF PRIORITY FOR SERVICES RENDERED BY A DIRECTOR AS YARD FOREMAN. Harry R. Loose, a director of the defendant company, filed a claim against the

funds in the hands of the receiver for services rendered as yard foreman, and claimed priority of payment. The cause was heard on exceptions filed by the receiver to the claim of priority.

*William W. Knowles*, for the claimant.

*Saulsbury, Ponder & Morris*, for the receiver.

THE CHANCELLOR: The Peninsula Cut Stone Company has been declared to be insolvent and a receiver therefor appointed by this Court. Harry R. Loose, a creditor of the company, in filing with the receiver his claim for wages as a foreman, claimed priority of payment as an "employee", representing at the same time that during his employment he was a director of the corporation. Exceptions to the claim of priority were filed by the receiver. By *section 57* of the general corporation Act (22 *Del. Laws, p.* 780), under which the Peninsula Cut Stone Company was incorporated, it is provided as follows:

"Section 57. Wherever any corporation, formed under the provisions of this Act, shall become insolvent, the employees doing labor or service of whatever character in the regular employ of such corporation, shall have a lien upon the assets thereof for the amount of the wages due to them, not exceeding two months' wages respectively, which shall be paid prior to any other debt or debts of said corporation; but the word 'employees' shall not be construed to include any of the officers of such corporation."

The general corporation Act was mainly taken from a similar statute in the State of New Jersey. In New Jersey it has been held in one case that the president of the company was not an employee, because it is a part of his business to employ and not to be employed, and priority was refused him. *England's Ex'rs. v. Beatty, etc., Co.*, 41 *N. J. Eq.* 470, 4 *Atl.* 307. In another case in New Jersey the word "employee" was construed to include a bookkeeper of the company, though he was also a director. *Consolidated, etc., Co. v. Keystone, etc., Co.*, 54 *N. J. Eq.* 309, 35 *Atl.* 157. But the last clause of the above section of the Delaware statute is not a part of the New Jersey statute. The evident purpose and meaning of the last phrase of this section is to deny priority to every person who serves

the company as an officer, whatever may have been the character of the labor or service which he rendered to the company. The director is clearly an officer. The general corporation Act requires that every corporation shall have directors, and they are referred to in the Act as officers. It is very clear, therefore, that the exceptions must be sustained and the priority of payment denied to the creditor, who though a foreman, and in that sense an employee, is still denied priority because, being a director, he was an officer of the company.

Let an order be entered accordingly.